STEVEN T. GUBNER [SBN 156593]
JERROLD L. BREGMAN [SBN 149896]
JASON B. KOMORSKY [SBN 155677]
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone:  818.827.9000
Facsimile:   818.827.9099
Email:   ɔner@gubnerbrutzkus.com
         gman@gubnerbrutzkus.com
         norsky@gubnerbrutzkus.com

*Special Litigation Counsel for Claimant
Jeffrey I. Golden, Chapter 7 Trustee*

KEVIN S. ROSEN (SBN 133304)
KRosen@gibsondunn.com
MATTHEW S. KAHN (SBN 261679)
MKahn@gibsondunn.com
JARED M. STRUMWASSER (SBN 275326)
JStrumwasser@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Respondents
O'Melveny & Myers LLP,
Steven J. Olson, and J. Jorge deNeve*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY I. GOLDEN, Chapter 7 Trustee of Aletheia Research and Management, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>O'Melveny & MYERS LLP; STEVEN J. OLSON, an individual; J. JORGE DENEVE, an individual; FREEDMAN + TAITELMAN, LLP; and DOES 1 through 12,<br><br>Defendants. | **Case No. 2:14-cv-08725-CAS- AGR**<br><br>**JOINT SUBMISSION OF ARBITRATOR'S ORDER FOR STATUS CONFERENCE**<br><br>**Status Conference**:<br><br>Date:   June 1, 2016<br>Time:   11:00 a.m.<br>Place:  Courtroom No. 5<br>Judge:  Hon. Christina A. Snyder |

1

1561603

| | |
|---|---|
| 1 | The undersigned counsel of record for the respective parties in the above-captioned adversary proceeding, namely, Plaintiff Jeffrey I. Golden, Chapter 7 Trustee of debtor Aletheia Research and Management, Inc., and Defendants O'Melveny & Myers LLP, Steven J. Olson, and J. Jorge deNeve, hereby submit the *Order Re: District Court Status Conference*, attached hereto as **Exhibit A**, which was issued by the Arbitrator on May 20, 2016 ("Arbitrator's Order"). |

Respectfully submitted,

Dated: May 24, 2016          BRUTKUS GUBNER

By:  /s/ Jerrold L. Bregman
Steven T. Gubner
Larry W. Gabriel
Jerrold L. Bregman
Jason B. Komorsky
*Special Litigation Counsel for Plaintiff Jeffrey I. Golden, Chapter 7 Trustee*

Dated: May 24, 2016          GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Matthew S. Kahn
Kevin S. Rosen
Matthew S. Kahn
Jared M. Strumwasser
Attorneys for Defendants
*O'Melveny & Myers LLP, Steven Olson and J. Jorge deNeve*

1561603

# Exhibit A

*(Arbitrator's Order Re: District Court Status Conference)*

**ARBITRATION BEFORE PHILLIPS ADR**

In re:
ALETHEIA RESEARCH AND
MANAGEMENT, INC.,

    Debtor.

_____

JEFFREY I. GOLDEN, Chapter 7 Trustee of
Aletheia Research and Management, Inc.,

    Claimant,

    vs.

O'MELVENY & MYERS LLP; STEVEN J.
OLSON, an individual; and J. JORGE
DENEVE, an individual,

    Respondents.

Chapter 7 Case  No. 2:12-bk-47718 BR
(U.S. Bankr. Ct., C.D. Cal.)

**Adv. Pro. 2:14-cv-08725-CAS (AGRx)**
(U.S. Dist. Ct., C.D. Cal.)

**ORDER RE: DISTRICT COURT STATUS CONFERENCE**

Arbitrator:  Hon. Gary A. Feess

In the present case, the Arbitrator, after having established a schedule and receiving pleadings on a potentially dispositive motion, received correspondence from Claimant's counsel advising of a new Second District Court of Appeal decision, *Sheppard Mullin Richter & Hampton v. J-M Manufacturing Co.*, that arguably bears on the arbitrability of this case.  Claimant wrote:

> Among other things, *Sheppard Mullin* stands for the proposition that where, as here, the lawyer suffered from a disabling conflict of interest that violated the duty of loyalty reflected in Rule 3-310(C) of the California Rules of Professional Conduct, the lawyer's engagement agreement is "illegal" and may not be enforced without violating California's public policy; therefore, the arbitration clause within the agreement is likewise unenforceable.

Claimant's counsel indicated that Claimant would like an opportunity to move for reconsideration in the district court, and the matter was therefore stayed to allow the parties to return to the district court to address the issues raised in *Sheppard Mullin*. However, it does not appear that any proceedings, not even a status conference, have been pursued in district court. In the meantime, the California Supreme Court has granted review of *Sheppard Mullin* which is therefore no longer good law. The case is now in limbo while the matter is briefed, argued and decided in the Supreme Court.

The Arbitrator has now conferred with counsel who have different views of how to proceed in these circumstances. Claimant believes that the matter should remain stayed while the parties wait for a decision from the Supreme Court. The Respondent believes that the case should move forward since the District Court of Appeal case is no longer controlling. Moreover, the Respondent does not believe that the Arbitrator even has authority to order a stay pending a ruling from the Supreme Court.

The Arbitrator is of the view that these matters cannot be decided in the arbitration proceedings and that the ultimate control over this litigation resides with the District Court. It is therefore the responsibility of the parties to bring these issues to the Court for resolution. Accordingly, IT IS HEREBY ORDERED that the parties shall arrange for a conference with the Hon. Christine A. Snyder, who ordered the case to arbitration, to discuss the impact of the appellate proceedings and all related matters. The parties should contact the district court no later than Friday, May 27, 2016, to make these arrangements. The parties should report to the Arbitrator forthwith on receiving direction from Judge Snyder.

**IT IS SO ORDERED**.

DATED: May 20, 2016              /s/ Gary A. Feess
                                                          Gary A. Feess
                                                          United States District Judge (Ret.)
                                                          Phillips ADR Enterprises

4815-1369-0413, v. 1