# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL      'O'

| | |
|---|---|
| Case No. | 2:14-cv-08725-CAS(AGRx) |
| Title | GOLDEN V. O'MELVENY & MEYERS, LLP |
| Date | November 6, 2017 |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Jerrold Bregman

<u>Trustee</u>

Beth Gaschen

Attorneys Present for Defendants:

Kevin Rosen

Adam Teitelbaum

**Proceedings:** DEFENDANT O'MELVENY & MEYERS, LLP'S MOTION FOR ORDER COMPELLING PLAINTIFF TO WITHDRAW TURNOVER MOTION FROM BANKRUPTCY COURT (Dkt. 70, filed October 6, 2017)

## I. INTRODUCTION

On October 6, 2017, defendant O'Melveny & Myers LLP's ("O'Melveny") filed the instant motion for an order compelling plaintiff Jeffrey I. Golden (the "Trustee"), Chapter 7 Trustee of Aletheia Research and Management, Inc. ("Aletheia"), to withdraw his turnover motion currently pending before the bankruptcy court. Dkt. 70 ("Mot."). The Trustee did not file a timely opposition; and O'Melveny filed a reply brief indicating that the Trustee objected to the instant motion on procedural grounds. Dkt. 71. On October 31, 2017, the Trustee filed a "notice" to the Court contending that the instant motion is procedurally defective.[1] Dkt. 72. The Court held a hearing on November 6,

---

[1] The Trustee argues that the instant motion should be rejected because (1) his bankruptcy counsel was not properly served with the motion; and (2) O'Melveny failed to meet and confer in a timely fashion under Local Rule 7–3 (counsel contemplating filing a motion "shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing the motion). <u>Dkt</u> 72. However, the Trustee does not deny that his special litigation counsel, who is counsel of record in this proceeding and in the currently pending arbitration, received notice of the motion via electronic service. Further, O'Melveny sent a meet-and-confer letter via email to the Trustee on September

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-08725-CAS(AGRx) | Date | November 6, 2017 |
| Title | GOLDEN V. O'MELVENY & MEYERS, LLP | | |

2017. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On November 10, 2014, the Trustee filed a plenary action in this Court against Aletheia's former attorneys O'Melveny, Steven J. Olson, J. Jorge deNeve, and Freedman + Taitelman, LLP for alleged legal malpractice. Dkt. 1. The Trustee asserted claims for: (1) professional negligence (conflict of interest); (2) breach of fiduciary duty; (3) avoidance and recovery of preferential transfers under 11 U.S.C. §§ 548 and 550; (4) avoidance and recovery of fraudulent conveyances (two-year transfers) under 11 U.S.C. §§ 548 and 550; and (5) avoidance and recovery of fraudulent conveyances (four-year transfers) under 11 U.S.C §§ 544 and 550 and Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07. Id. On June 15, 2015, the Court compelled arbitration as to the first two state law claims pursuant to the arbitration provisions contained in the engagement agreement between O'Melveny and Aletheia. Dkt. 30. The Court stayed the three bankruptcy claims pending the completion of arbitration. Id. The parties began arbitration before the Honorable Gary A. Feess, United States District Judge (Retired), in November 2015. Dkt. 39.

On December 2, 2015, Judge Feess approved a procedural order negotiated by the parties, which contains provisions governing discovery including document production, privilege logs, and procedures for resolving discovery disputes. Declaration of Jared M. Strumwasser ("Strumwasser Decl."), Ex. 3. Discovery commenced and O'Melveny produced a large quantity of documents relating to its prior representation of Aletheia. Id. ¶ 8. However, on February 4, 2016, Judge Feess granted the Trustee's request to stay the arbitration so that the Trustee could move for reconsideration of the Court's order compelling arbitration. Id. ¶ 11.

---

27, 2017—nine days before filing the instant motion. Dkt. 72-3. The Court finds that service of the motion was adequate under these circumstances and that O'Melveny satisfied its obligations under Local Rule 7–3. See Colodney v. Cty. of Riverside, No. EDCV 13–00427–VAP (SPx), at *4 (C.D. Cal. Aug. 16, 2013) ("Courts in this district have held that communication through letter may satisfy the meet and confer requirement of Rule 7–3.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:14-cv-08725-CAS(AGRx) | Date | November 6, 2017 |
| --- | --- | --- | --- |
| Title | GOLDEN V. O'MELVENY & MEYERS, LLP | | |

In June 2016, the Trustee filed a motion asking this Court to reconsider the order compelling arbitration and also moved to disqualify O'Melveny's counsel, Gibson, Dunn & Crutcher LLP ("GDC"), based primarily on an alleged conflict of interest stemming from the underlying litigation involving Aletheia, its corporate officers and directors, and Proctor Investment Managers (the "Proctor Litigation"). Dkts. 54, 56. In his disqualification motion, the Trustee argued that during the arbitration GDC had improperly refused to produce internal O'Melveny documents related to the Proctor Litigation. Dkt. 56 at 5, 13 & n.5. On August 3, 2016, the Court denied the Trustee's motion for reconsideration and compelled the parties to proceed with the arbitration, including the motion to disqualify, before Judge Feess. Dkt. 69. On November 22, 2016, Judge Feess denied the Trustee's disqualification motion. Strumwasser Decl., Ex. 8.

Pursuant to a revised procedural order, O'Melveny provided privilege logs to the Trustee in April and July, 2017. Id., ¶ 16. In May 2017, the Trustee challenged several entries on O'Melveny's initial privilege log through meet-and-confer letters. Id., ¶ 17, Ex. 12. The Trustee argued that certain withheld communications between O'Melveny and GDC related to the Proctor Litigation must be produced because they allegedly involved work described in O'Melveny's billing invoices to Aletheia and therefore constitute property of the bankruptcy estate. Id., ¶ 18, Exs. 13, 14. The Trustee's arbitration counsel stated that they were reserving the right to go to bankruptcy court to seek turnover of the disputed documents. Id., Ex. 13. The parties held a status conference before Judge Feess on September 20, 2017 and, according to O'Melveny, the Trustee did not indicate that he would be filing a turnover motion in bankruptcy court. Id., ¶¶ 20–21.

On September 20, 2017, the same day as the arbitration status conference, the Trustee filed the turnover motion. See In re Aletheia Research and Management, Inc., No. 2:12-bk-47718-BR (Bankr. C.D. Cal), dkt. 991 ("Turnover Mot."). Pursuant to Section 542(e) of the Bankruptcy Code, and subject to applicable privileges, the bankruptcy court may order an attorney holding recorded information relating to the debtor's property or financial affairs to turn over or disclose the records to the trustee. 11 U.S.C. § 542(e). In his motion, the Trustee seeks all withheld documents that O'Melveny created in the course of its pre-bankruptcy representation of Aletheia. Turnover Mot. at 1. The motion states that "in the course of the arbitration" O'Melveny has continued to withhold and refuses to produce the requested work product. Id. at 2. The motion specifically refers to documents identified on the privilege log produced by O'Melveny in the course of the arbitration. Id. at 2 & n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-08725-CAS(AGRx) | Date | November 6, 2017 |
| Title | GOLDEN V. O'MELVENY & MEYERS, LLP | | |

### III. DISCUSSION

O'Melveny argues that the Trustee's turnover motion is an attempt to end-run the arbitration's discovery process in direct contravention of this Court's two prior orders compelling the parties to arbitrate the Trustee's state law claims. Mot. at 1, 9. O'Melveny requests that the Court order the Trustee to withdraw the turnover motion and seek the relief he requests before Judge Feess in accordance with the Court's prior orders. Id. at 11. O'Melveny further argues that the turnover motion is procedurally improper because it should have been filed as an adversary proceeding. See Matter of Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) (concluding, pursuant to Fed. R. Bankr. P. 7001(1), that "[a] turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint."). Mot. 13–14.

Having carefully reviewed the turnover motion, the Court agrees that the Trustee appears to be attempting to circumvent the Court's prior orders compelling arbitration of the Trustee's state law claims. Those orders necessarily encompass all discovery disputes arising in the course of arbitration. There is no indication that the turnover motion is related to any on-going proceedings in the main bankruptcy case; and all of the Trustee's core bankruptcy claims alleged in the plenary action have been stayed. Rather, the Trustee's motion asks the bankruptcy court to rule on a discovery dispute that arose during the arbitration. In form, the motion seeks a turnover of the bankruptcy estate's records pursuant to 11 U.S.C. § 542(e). However, in substance, it is effectively a motion to compel O'Melveny to produce certain documents that the Trustee alleges were improperly withheld in the arbitration. While the Trustee argues that he has an unfettered right to seek a turnover motion in bankruptcy court, Trustee's special litigation counsel could not articulate any use for the sought after documents outside of the ongoing plenary proceeding and arbitration. In addition, counsel for the Trustee admitted at the November 6, 2017 hearing that the Trustee had not sought production of the documents at any time during the ongoing arbitration before Judge Feess.

Thus, in order to ensure compliance with the Court's prior orders compelling arbitration, the Trustee is ordered to withdraw the turnover motion and seek the relief he requests before Judge Feess. See Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964–65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-08725-CAS(AGRx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | GOLDEN V. O'MELVENY & MEYERS, LLP | | |

## IV. CONCLUSION

In accordance with the foregoing, defendant O'Melveny's motion for an order compelling the Trustee to withdraw his turnover motion from bankruptcy court is **GRANTED**.

The Trustee is hereby **ORDERED** to withdraw the turnover motion pending before the bankruptcy court. In accordance with the Court's prior orders compelling arbitration, the discovery issues raised by the Trustee in his turnover motion must be addressed in the arbitration.

**IT IS SO ORDERED**.

|  | 00 : 16 |
|---|---|
| Initials of Preparer | CMJ |