KEVIN S. ROSEN, SBN 133304
   krosen@gibsondunn.com
MATTHEW S. KAHN, SBN 261679
   mkahn@gibsondunn.com
SHANNON MADER, SBN 235271
   smader@gibsondunn.com
BLAKE SHINODA, SBN 300455
   bshinoda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6635

Attorneys for Defendants O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY I. GOLDEN, Chapter 7 Trustee of Aletheia Research and Management, Inc.,<br><br>            Plaintiff,<br><br>    v.<br><br>O'MELVENY & MYERS LLP; STEVEN J. OLSON, an individual; J. JORGE DENEVE, an individual; and DOES 1 through 12,<br><br>            Defendants. | CASE NO. 2:14-cv-08725-CAS-AGR<br><br>**DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE**<br><br>**Hearing:**<br>Date: October 21, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 8D<br>Judge: Hon. Christina A. Snyder |

DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

I, Kevin S. Rosen, declare:

1. I am an attorney licensed to practice law in California. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Defendants O'Melveny & Myers LLP ("O'Melveny"), Steven J. Olson, and J. Jorge deNeve (collectively, "Defendants"). I am the lead attorney for Defendants in connection with all claims that have been asserted against them by Plaintiff Jeffrey Golden, Chapter 7 Trustee (the "Trustee") of Aletheia Research and Management, Inc. ("Aletheia"), and I have been fully and actively involved in the defense against those claims. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to them.

2. Soon after entry of the Court's June 15, 2015 arbitration order, the Trustee filed his Demand for Arbitration before JAMS, attaching and designating his Complaint in this action as his Statement of Claims. The parties jointly selected the Honorable Gary A. Feess (Ret.) to serve as their arbitrator and proceeded to arbitration. Attached as **Exhibit 1** is a true and correct copy of the Phillips ADR Engagement Letter that was executed by counsel for Defendants and counsel for the Trustee.

3. The Trustee filed a revised Statement of Claims in the arbitration. Attached as **Exhibit 2** is a true and correct copy, without the exhibits, of the revised Statement of Claims dated September 25, 2015.

4. During the arbitration, the parties proceeded with discovery and pretrial motion practice, culminating in a 12-day Evidentiary Hearing. The discovery and pretrial motion practice was extensive. For example, the parties negotiated a complicated and comprehensive Procedural Order governing the conduct of the arbitration, including certain discovery issues, which was amended a number of times. The parties exchanged requests for production, requests for admission, and interrogatories. Indeed, discovery included 20 fact and expert depositions and millions

1

Gibson, Dunn & Crutcher LLP

DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

of documents produced. The parties also exchanged extensive correspondence related to discovery issues and disputes, including filing many discovery motions. Moreover, there were a number of other pretrial motions filed, including seven motions for summary judgment (all filed by the Trustee), and six motions *in limine* (again all filed by the Trustee).

5. The Evidentiary Hearing was extensive and thorough, and the Arbitrator heard and reviewed an extraordinary amount of evidence. For example, the Evidentiary Hearing lasted 12 days, each side gave opening statements, 12 percipient and expert witnesses testified live, and more than 1,200 exhibits were admitted. The Arbitrator also considered designated deposition testimony from eight additional witnesses. The parties then each submitted 50-page post-trial briefs and 25-page reply briefs, which included extensive citations to the record. Finally, there were live closing arguments.

6. The Arbitrator issued a Final Award on June 21, 2019. Respondents requested certain relatively minor corrections pursuant to JAMS Rule 24(j), which were accepted by the Arbitrator. The Arbitrator then issued a corrected Final Award on August 22, 2019. Attached as **Exhibit 3** is a true and correct copy of the corrected Final Award.

7. Pursuant to the Federal Arbitration Act, Defendants are submitting herewith the arbitration agreement. O'Melveny's initial engagement agreement with Aletheia was dated January 26, 2010 and contained an arbitration provision. (Dkt. 17 at 3-5; *see also* Dkt. 17-2 at 10-11, 22-23.) Attached as **Exhibit 4** is a true and correct copy of Trial Exhibit 67, which is the engagement agreement dated January 26, 2010, and was admitted in the arbitration. This engagement agreement was also included as Exhibit A to the Declaration of Seth Aronson In Support Of Defendants' Motion to Compel Arbitration And To Stay Proceedings. (Dkt. 17-2.)

2

DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

Gibson, Dunn & Crutcher LLP

8. O'Melveny and Aletheia supplemented the initial engagement agreement three times (April 13, 2010; July 13, 2010; and April 14, 2011) and every engagement agreement executed after January 26, 2010 explicitly "supplement[ed]" the January 26, 2010 engagement agreement and incorporated the "Terms of Engagement therein," including the arbitration clause. (*See* Ex. 5 at 1; Ex. 6 at 1; Ex. 7 at 1.)

9. Attached as **Exhibit 5** is a true and correct copy of Trial Exhibit 109, which is the engagement agreement dated April 13, 2010, and was admitted in the arbitration. This engagement agreement was also included as Exhibit B to the Declaration of Seth Aronson In Support Of Defendants' Motion to Compel Arbitration And To Stay Proceedings. (Dkt. 17-3.) Mr. Aronson's declaration explained that this additional engagement agreement was prepared in connection with Aletheia advising him that it wanted O'Melveny to perform additional work for Aletheia regarding two new matters, including a matter that involved disputes with Proctor Investment Managers, LLC ("Proctor"). (Dkt. 17-1, ¶ 4.) This engagement agreement also incorporated by reference the arbitration agreement contained in the January 26, 2010 engagement agreement. (Ex. 5 at 1.)

10. Attached as **Exhibit 6** is a true and correct copy Trial Exhibit 2095, which is the engagement agreement dated July 13, 2010, and was admitted in the arbitration. This engagement agreement was also included as Exhibit C to the Declaration of Seth Aronson In Support Of Defendants' Motion to Compel Arbitration And To Stay Proceedings. (Dkt. 17-4.) Mr. Aronson's declaration explained that this additional engagement agreement was prepared in connection with Aletheia advising him that it wanted O'Melveny to perform additional work for Aletheia involving several other matters relating to litigation with Proctor. (Dkt. 17-1, ¶ 5.) This engagement agreement also incorporated by reference the arbitration agreement contained in the January 26, 2010 engagement agreement. (Ex. 6 at 1.)

3
DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

Gibson, Dunn & Crutcher LLP

11.     Attached as **Exhibit 7** is a true and correct copy Trial Exhibit 70, which is an engagement agreement dated April 14, 2011, and was admitted in the arbitration. This engagement agreement was also included as Exhibit D to the Declaration of Seth Aronson In Support Of Defendants' Motion to Compel Arbitration And To Stay Proceedings. (Dkt. 17-5.)  Mr. Aronson's declaration explained that this additional engagement agreement was prepared in connection with Aletheia advising him that it wanted O'Melveny to perform additional work for Aletheia. (Dkt. 17-1, ¶ 6.)  This engagement agreement also incorporated by reference the arbitration agreement contained in the January 26, 2010 engagement agreement and the attached Terms of Engagement contains the same arbitration agreement. (Ex. 7 at 1, 18-19.)

12.     During the course of the arbitration, the Trustee leveled several unsuccessful attacks against the Arbitrator, including seeking to disqualify him or cause him to recuse himself.

13.     The Trustee's first such motion on July 25, 2017 argued that the Arbitrator should recuse himself because of the Arbitrator's disclosure that his son, like many law students planning to practice in Los Angeles, intended to interview for a summer associate position at O'Melveny and Gibson, Dunn & Crutcher LLP.  The Arbitrator rejected the Trustee's arguments.  Attached as **Exhibit 8** is a true and correct copy of the Arbitrator's Order, dated August 28, 2017, regarding the Trustee's request for recusal of Arbitrator.

14.     The Trustee's second request to disqualify the Arbitrator on September 14, 2018 objected to the Arbitrator's ability to consider the testimony of Defendants' standard of care expert, John Spiegel, based on the Arbitrator's decades-old brief contact with Mr. Spiegel when they both worked on a part-time pro bono basis, among many other volunteers, for the Christopher Commission.  Indeed, the Trustee even went so far as to state that the Trustee would be filing a motion in limine to exclude Mr. Spiegel's testimony and "[w]ere Your Honor to admit Mr. Spiegel's testimony

4

Gibson, Dunn & Crutcher LLP

DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE

despite the insurmountable infirmities with it, this too would raise serious concerns." The Arbitrator rejected the Trustee's arguments. Attached as **Exhibit 9** is a true and correct copy of the Arbitrator's Order, dated September 17, 2018, regarding the Trustee's September 14, 2018 email regarding John Spiegel.

    I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

    Executed on September 9, 2019 in Los Angeles, California.

_____
Kevin S. Rosen

Gibson, Dunn & Crutcher LLP

5

DECLARATION OF KEVIN S. ROSEN IN SUPPORT OF MOTION FOR ORDER CONFIRMING ARBITRAL AWARD PURSUANT TO § 1 ET SEQ. OF THE FEDERAL ARBITRATION ACT BY DEFENDANTS O'MELVENY & MYERS LLP, STEVEN J. OLSON, AND J. JORGE DENEVE